A. W. McGHEE AND ANDREW KNOX, PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF TENAFLY ET AL., RESPONDENTS.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices Bodine, Perskie and Porter.

For the prosecutors, *Seufert & Elmore* and *Charles Fishberg.*

For the respondents, *Abram A. Lebson, Irving S. Reeve* and *Seymour A. Smith.*

BODINE, J. The facts in this case are fully set forth in the opinion awarding the writ. 126 *N. J. L.* 390. The question to be reviewed is whether the house to be constructed by the defendant Batchelder faces Knickerbocker Road or Westervelt Avenue in Tenafly. Obviously, the latter. The entrance faces the avenue. To the rear is the kitchen and dining room. The garage faces Knickerbocker Road. Usual house construction requires a front entrance. Such entrance in the instant case is to be upon the avenue. In the rear there is an entrance from the yard to the kitchen—obviously, a rear entrance since it is not usual to bring guests in by the kitchen. The owner calls the sides where there are no entrances front and back. Such nomenclature does not alter facts.

The lot in question is a corner lot. In such cases, the owner may select the rear lot line. But the house to be built violated the ordinance in that it was too close to the rear lot line.

Because the owner of a corner lot may face his house on one street or the other gives him no right to say it faces differently from the way it does. The front entrance of the house faced Westervelt Avenue and the rear of the house was directly behind the front. The ordinance can only be construed in the light of the ordinary meaning accorded to words.

The permit granted is set aside, with costs.